## Mason *et al. versus* Graff *et al.*

The acceptor of a bill of exchange is not to be admitted to vary the terms of his acceptance, by parol evidence.

Where a bill is accepted "payable when in funds," the burden is upon the plaintiff to show that the acceptors were in funds. In such case evidence tending to prove that a note deposited with the acceptors, was subject to a prior appropriation by the drawer, is admissible under the general issue.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit* by Thomas T. Mason and Charles E. Robinson, trading as Mason & Robinson, against Paul Graff and Frederick Fairlamb, trading as Graff & Fairlamb, on a draft for $100, drawn on the defendants by Bernard McClain, on the 13th December 1858, at three months after date, and accepted by the defendants, "payable when in funds."

At the time the draft was given, Bernard McClain, the drawer, purchased from the defendants a bill of goods amounting to $160, and deposited with them as security Andrew G. Curtin's note for $200, dated the 8th December 1858, and payable three months after date. At the same time, McClain requested the defendants to accept the draft in question in favour of the plaintiffs, but the defendants declined doing so, unless he would give them additional security ; he then promised to send them $60 as soon as possible.

On the trial, the court below, under exception by the plaintiffs, admitted evidence of the transaction between McClain and the defendants, and to prove that at the time of the acceptance, the defendants informed the plaintiffs that "payable when in funds" meant that when $60 in addition to Curtin's note was paid to them, the draft of $100 in favour of the plaintiffs would be paid.

The court below (SHARSWOOD, P. J.) instructed the jury as follows :—

"It appears, if you believe the testimony of Mr. Sappington, that McClain purchased a bill of goods of $160 of defendants ; and defendants declined selling without security, and that this note of Curtin's for $200 was offered. If that is so, if that note of $200 was given to defendants as security for their bill of $160, it did not make any difference whether the bill was due or not, the defendants had a right to deduct the full amount of their bill from that note.

"If the jury believe that, at the time the defendants accepted the note, they informed the plaintiffs' messenger that 'payable when in funds' meant that when Curtin's note was paid and sixty dollars additional, the draft would be paid, plaintiffs ought not to recover more than the $40, the balance remaining after defendants' bill of $160 was deducted."

[Mason *et al. v.* Graff *et al.*]

"If, however, the jury believe that at the time of the acceptance of the draft, the plaintiffs' messenger was told that the draft would be paid when Curtin's note was paid, then the plaintiff is entitled to recover the full amount of his claim."

To this charge the plaintiffs excepted; and a verdict and judgment having been rendered in their favour for $41.94, they removed the cause to this court, and here assigned for error: 1. The admission of the evidence excepted to on the trial: 2. The charge of the court.

*Burton*, for the plaintiffs in error.—The parol evidence ought not to have been admitted to vary the terms of the written acceptance: Hunter *v.* Ingraham, 1 *Strob.* 273; Hall *v.* Marston, 17 *Mass.* 578, 580; Cohen *v.* Hart, 2 *Hill, L. R.* (*S. C.*) 304; Stevens *v.* Hill, 5 *Esp.* 247; Vreeland *v.* Blunt, 6 *Barb. S. C.* 186; Harwood *v.* Tucker, 18 *Ill. R.* 544; 1 *Greenl. Ev.* §§ 275-7, 281; Brown *v.* Nickle, 6 *Barr* 390; Fox *v.* Foster, 4 *Id.* 119.

*Coffey*, for the defendants in error, cited *Byles on Bills* 170 *n.*; Rearich *v.* Swinehart, 1 *Jones* 239; Patterson *v.* Todd, 6 *Harris* 426; 10 *Id.* 26; 6 *Casey* 143; Owings *v.* Grubbs, 6 *J. J. Marsh.* 31; Brent *v.* Bank, 1 *Pet.* 92; Barlow *v.* Flemming, 6 *Ala. R.* 146; Early *v.* Wilkinson, 9 *Gratt.* 68; Baker *v.* Scott, 5 *Richardson* 305; Lewis *v.* Harvey, 18 *Missouri* 74.

The opinion of the court was delivered by

STRONG, J.—The plaintiffs, in taking the acceptance "payable when in funds," were bound to look only to its written terms. The engagement of the defendants could not rest partly in writing and partly in parol. It is not competent for the acceptor of a bill to prove by parol that he did not promise according to the tenor of his acceptance. Mercantile paper would be little worth, if the drawer or acceptor were permitted to establish by a witness, that a written promise to pay one hundred dollars meant only a promise to pay forty. Such proof is in direct contradiction of the written contract. We think, therefore, the defendants should not have been allowed to prove that at the time when the acceptance was given, the messenger of the plaintiffs was told that "payable when in funds" meant that when Curtin's note was paid and sixty dollars additional, the draft would be paid. It was as clearly a contradiction of the acceptance, as would have been evidence that the messenger was told the acceptance meant the defendants would not pay at all. Of course, it was erroneous to instruct the jury, that the plaintiffs ought not to recover more than forty dollars, if they believed the plaintiffs' messenger was so told at the time of the acceptance.

VOL. XI.—29

[Mason *et al. v.* Graff *et al.*]

We discover no other error in the record. The burden was upon the plaintiffs to show that the defendants were in funds. And the testimony of Sappington, that Curtin's note was given as security for the bill of goods purchased by McClain, tended to prove that they were not in funds. It was, therefore, admissible under the plea of *non assumpsit*. Had Curtin's note come to defendants' hands without any appropriation by McClain, it may be conceded that they could not have defended themselves against an action on their acceptance by showing that McClain was indebted to them. This is all which was decided in Hunter *v.* Ingraham, 1 *Strob.* 273, and in Hall *v.* Marston, 17 *Mass.* 578. But Sappington's testimony went directly to establish an appropriation of part of the funds, an appropriation made by McClain himself. If this was so, then, only the unappropriated part was funds within the meaning of the acceptance.

The sale of the bill of goods by the plaintiffs to McClain was wholly immaterial to either of the issues between the parties.

Judgment reversed, and a *venire de novo* awarded.